## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                            No.    **CV 16-0449 RB/LAM**
                                            **CR 13-1476 RB**

ROBERT MARTINEZ JR.,

      **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' ***Proposed Findings and Recommended Disposition*** *(Doc. 22)* (hereinafter "PF&RD"), entered on October 26, 2016. On November 3, 2016, the Government filed objections to the PF&RD [*Doc. 23*], and, on November 4, 2016, Defendant/Movant (hereinafter "Defendant") filed objections to the PF&RD [*Doc. 24*]. The parties' deadlines for filing responses to these objections were November 21, 2016 and November 22, 2016, respectively, and neither party has filed a response. The Court has conducted a *de novo* review of those portions of the PF&RD to which the parties object and finds that the objections are without merit. Accordingly, the Court will: (1) overrule the Government's and Defendant's objections as meritless; (2) adopt the PF&RD; (3) deny the Government's motion to stay [*Doc 9*] and Defendant's motion for release [*Doc. 17*]; (4) grant Defendant's § 2255 motion [*Doc. 1*]; and (5) set this case for resentencing in a separate Order.

## Background

As explained in the PF&RD (*see Doc. 22* at 2-4), Defendant pled guilty pursuant to a Plea Agreement (*Cr.Doc. 17*) to an Information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   The United States Probation Office issued a Presentence Report ("PSR"), which calculated Defendant's base offense level as 20 pursuant to U.S.S.G. § 2K2.1 based on Defendants' prior felony conviction for aggravated fleeing from a law enforcement officer.   *See* [*Doc. 21-1* at 6, ¶ 17, referring to ¶ 36 therein at 9]. Defendant received a 4-level enhancement for possessing a firearm in connection with another felony offense (*id.* at 6, ¶ 18), and was granted a 3-level reduction for acceptance of responsibility (*id.* at 7, ¶¶ 24-25).   The Probation Officer calculated Defendant's total offense level as 21 (*id.* at ¶ 26), with a criminal history category of V, and a resulting advisory guideline range of 70 to 87 months.   *Id.* at 10, ¶ 40 and at 15, ¶ 66.   The parties agree that an addendum to the PSR noted that a prior conviction for escape had not been included in Defendant's criminal history calculation, which increased Defendant's criminal history category from V to VI, and this criminal history category, coupled with an offense level of 21, resulted in an advisory guideline range of 77 to 96 months.   *See* [*Doc. 7* at 2] and [*Doc. 21* at 1].   On October 25, 2013, United States District Judge J. Thomas Marten, sitting by designation, varied from the advisory guideline range and imposed a 60-month sentence, with 3 years of supervised release.   *See* [*Cr.Doc. 22* at 2-3].

In his § 2255 motion, Defendant contends that his prior conviction for aggravated fleeing from a law enforcement officer no longer qualifies as a crime of violence pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, therefore, cannot be used to enhance his sentence.   [*Doc. 1* at 2].   Absent that prior conviction, Defendant contends that his base offense level under the Sentencing Guidelines would have been 14, and his total offense level would have

2

been 15 after application of the 4-level increase for possession of a firearm in connection with another felony offense and the 3-level reduction for acceptance of responsibility.  *Id.*  Defendant states that an offense level of 15 with a criminal history category of VI (as calculated in the addendum to the PSR) results in an advisory guideline range of 41-51 months.  [*Doc. 21* at 1-2].  Therefore, Defendant contends that his current sentence of sixty (60) months violates due process of law because it is higher than the guideline range calculated without application of the U.S.S.G. § 2K2.1 enhancement.  [*Doc. 1* at 2].   Based on these arguments, Defendant asks the Court to vacate his sentence and resentence him absent the § 2K2.1 enhancement.  *Id.* at 11.

As explained in the PF&RD (*see Doc. 22* at 4), in *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  135 S. Ct. 2551, 2563 (2015).  In *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court announced that *Johnson* would apply retroactively to ACCA cases on collateral review, reasoning that *Johnson* announced a substantive new rule.  In *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015), a case on direct appeal of a criminal conviction, the Tenth Circuit held that "[t]he ACCA residual clause is 'virtually identical' to the residual clause of the [Sentencing] Guidelines" and the Tenth Circuit concluded that use of the residual clause in U.S.S.G. § 4B1.2 to calculate and enhance Sentencing Guideline ranges is unconstitutional because the clause is void for vagueness.  The issue of whether the holding in *Johnson* announces a new rule of substantive law that would apply retroactively to Sentencing Guidelines cases on collateral review is currently pending before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544).  *See* 136 S.Ct. 2510 (2016).

The Magistrate Judge first addressed the Government's motion to stay these proceedings pending a decision in *Beckles*.  *See* [*Doc. 22* at 4-6].  The Magistrate Judge found that Defendant

3

made a sufficient showing that he would be prejudiced by a stay because he would be eligible for immediate release if he were to prevail on the merits of his *Johnson* claim. *Id.* at 6. The Magistrate Judge, therefore, recommended denying the Government's motion to stay pending a decision in *Beckles*. *Id.*

Next, the Magistrate Judge considered the merits of Defendant's § 2255 claim. *See* [*Doc. 22* at 7-13]. The Magistrate Judge reasoned that, based on Defendant's designation as a career offender under the Sentencing Guidelines, the sentencing court started with a Guidelines range of 77 to 96 months, instead of the 41 to 51 month range that would have applied without using Defendant's conviction that falls under the residual clause. *Id.* at 11. The Magistrate Judge found that "the boundaries of Defendant's sentence were moved in reliance on the residual clause, and subjected Defendant to an increased sentence," and, "[t]hus, the decision in *Johnson* changed the 'range of conduct or class of persons the law punishes.'" *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Magistrate Judge did "not find persuasive the Government's contention that the Sentencing Guidelines are distinguishable from the ACCA because the Guidelines are advisory and the ACCA is statutory law," noting that "the Tenth Circuit held in *Madrid* that the sentencing court must start with the Sentencing Guidelines, and it may be reversed for not correctly applying the Sentencing Guidelines, even though the court may deviate from the recommended range." [*Doc. 22* at 11-12] (citing *Madrid*, 805 F.3d at 1211 ("The Supreme Court has held that the Guidelines are subject to constitutional challenge 'notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range.'") (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013)). The Magistrate Judge also found that the use of Defendant's prior residual-clause felony to enhance his Sentencing Guidelines range was not a procedural error, finding that "the

4

application of *Johnson* to the Sentencing Guidelines does not correct miscalculated sentences; rather, the *Johnson* decision changed the range of conduct and the class of persons that the law punishes and, therefore, is a substantive decision."   [*Doc. 22* at 12-13] (citing *Peugh*, 133 S. Ct. at 2083 ("Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.") (citation and internal quotation marks omitted) (emphasis in original); *United States v. Harris*, Case No. CR-08-94-M, CIV-16-682-M, 2016 WL 6109158, at *5 (W.D. Okla. Oct. 19, 2016) (unpublished) (explaining that the career offender enhancement had a *substantive* effect on the defendant's sentence because he received a sentence nearly triple what the advisory guideline range would have been absent the enhancement, thereby making the "true role" of the Sentencing Guidelines apparent); and *Culp v. United States*, Case No. 2: 16-CV-672 TS, 2:11-CR-293 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016) (unpublished) ("When a Guidelines range moves up or down, offenders' sentences move with it.") (citation and internal quotation marks and brackets omitted).   The Magistrate Judge further noted that, but for the timing of Defendant's underlying criminal proceedings, he would have been eligible to directly appeal his sentence pursuant to the *Johnson* decision, and he then would have had the benefit of the Tenth Circuit's finding in *Madrid* that *Johnson* applies to Sentencing Guidelines cases on direct appeal.   [*Doc. 22* at 13].

For these reasons, the Magistrate Judge found that *Johnson* announced a new, substantive rule that should apply retroactively to the residual clause of the Sentencing Guidelines, and recommended granting Defendant's § 2255 motion.   *Id.*   The Magistrate Judge noted that the judges in two other cases in this district have decided this issue differently.   *See* [*Doc. 22* at 13, n.5] (*comparing United States v. Rodney Miller*, No. 16-CIV-566 WJ/WPL, Doc. 6 (finding that

the rule announced in *Johnson* is procedural and is not entitled to retroactive effect in Sentencing Guidelines cases) *with United States v. Soto*, No. 16-CIV-308 JAP/CG, Doc. 12 (finding that the rule announced in *Johnson* is substantive with regard to Sentencing Guidelines cases).[1]   The Magistrate Judge stated that she "agrees with the reasoning in *Soto*, and its decision and the reasoning in *Soto* are in keeping with several other decisions in this circuit in finding that *Johnson* announced a substantive rule that should be retroactively applied to Sentencing Guidelines cases." *Id.* (citing *Harris*, 2016 WL 6109158 (W.D. Okla. Oct. 19, 2016); *Broadbent v. United States*, Case No. 2:16-cv-00569, 2016 WL 5922302 (D. Utah Oct. 11, 2016) (unpublished); *Culp*, 2016 WL 5400395 (D. Utah Sept. 27, 2016); *Andrews v. United States*, Case No. 2:16-cv-00501-DB, 2:12-cr-616-DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016) (unpublished); and *United States v. Daugherty*, Case No. 07-CR-87-TCK, 2016 WL 442801 (N.D. Okla. Aug. 22, 2016) (unpublished)).

## **The Government's Objections**

The Government first objects to the Magistrate Judge's recommendation to deny its motion to stay this case pending a decision in *Beckles*.   [*Doc. 23* at 1-4].   The Government states "that the prudent course of action would be to grant a stay of these proceedings pending the Supreme Court's opinion in *Beckles*," and notes that an 11th Circuit case and this court in *United States v. Rodney Miller* have held that *Johnson* is not retroactively applicable to the Sentencing Guidelines. *Id.* at 1-2.   While the Government concedes that "[s]ome courts have held that Johnson is retroactively applicable to the Sentencing Guidelines" and cites to a Massachusetts case (*Doc. 23* at 2), the Government fails to cite to *United States v. Soto*, No. 16-CIV-308 JAP/CG, which also found that *Johnson* is retroactively applicable to Sentencing Guidelines cases on collateral review,

---

[1] The Court notes that the defendant in *Miller*, No. 16-CIV-566 objected to the Magistrate Judge's PF&RD and has appealed the district court's decision adopting the PF&RD but, in *Soto*, neither side objected to the Magistrate Judge's PF&RD and the defendant in that case has since been resentenced.

is a case in this district and this circuit, and was cited to and relied on by the Magistrate Judge in the PF&RD (*see Doc. 22* at 13, n.5).   The Government notes that *Beckles* is scheduled for oral argument on November 28, 2016, and states that Defendant "will not be prejudiced by such a stay." *Id.* at 2.   The Government contends that the Sentencing Guidelines are advisory so, "even if [Defendant] were to prevail on the merits of his § 2255 motion and the Court granted a resentencing hearing, the government could request, and the Court could impose, the same 60-month sentence he received, or any other sentence up to the statutory maximum of ten years." *Id.*   The Government further contends that Defendant will not be prejudiced by a stay because, if he prevails in his § 2255 motion, his revised Sentencing Guidelines range would be 41 to 51 months and he has served approximately 44 months, so he is still seven months short of the high-end of the revised range.   *Id.*

The Government also contends that Defendant's case is distinguishable from the Tenth Circuit's grant of a writ of mandamus in *United States v. Paul Allen Miller*, Case No. 16-8080 (10th Cir. Nov. 2, 2016) (unpublished) (attached to the Government's objections at *Doc. 23-1*), in which the Tenth Circuit reversed the district court's decision to grant a stay of the defendant's case pending a decision in *Beckles*.   *Id.* at 3.   The Government contends that the Tenth Circuit's decision in *Paul Allen Miller* is distinguishable from this case because the defendant in that case has a sentence that will be completed in May 2017, but Defendant here has a sentence that will not be completed until August 2017.   *Id.*   The Government states that an opinion in *Beckles* "should issue" in May or June 2017, so, if Defendant prevails, he can still receive relief from his original sentence.   *Id.*   The Government further states that it would be prejudiced if the Court grants Defendant's requested relief and resentences him to a time-served sentence, because the Supreme Court may rule in *Beckles* that *Johnson* does not apply retroactively to Sentencing Guidelines

7

cases.  *Id.* at 3-4 (relying on *Ali Al-Rekabi v. United States*, Case No. 2:16CV573DAK, 2016 WL 5874976, at *3 (D. Utah Oct. 7, 2016) (unpublished).

Finally, the Government states that, if the Court adopts the Magistrate Judge's recommendation to deny the Government's motion for a stay, the Court should reject the Magistrate Judge's recommendation that Defendant's § 2255 motion should be granted.  *Id.* at 4. In support of this objection, the Government's argument in its entirety is:

> As set forth in detail in the United States' response [Doc. 7], *Johnson* is not retroactively applicable to cases on collateral review. This Court should adopt the reasoning in *United States v. Rodney Miller*, case number 16-CV-566 WJ/WPL, and hold that *Johnson* does not apply retroactively to Sentencing Guideline cases on collateral review.

*Id.*

First, the Court rejects the Government's contention that Defendant would not be prejudiced by a stay of these proceedings.  As explained in the PF&RD, in deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered whether the defendant would be prejudiced by the stay, and, where a defendant has alleged that he would be eligible for immediate release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the Government's request for a stay.  *See* [*Doc. 22 at 5*] (citing *United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying the Government's request for stay); Appellant's Brief in *Opposition to Motion to [Stay]*, ECF No. 01010656542, at 2-3 (July 13, 2016) (opposing the Government's request for a stay in part because the defendant would be eligible for immediate release if he were to prevail on his § 2255 motion)).  Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy if the Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the Government's request for a stay.  *See* [*Doc. 22*

at 5-6] (citing *United States v. Rollins*, No. 15-1459, ECF No. 01019652432 (10th Cir. July 6, 2016) (stating that, after consideration of Defendant/Appellant's arguments in opposition to the Government's motion to stay the case, the case will remain stayed until the Supreme Court issues decision in *Beckles*); Appellant's *Motion to Reconsider Order Abating Appeal and Tolling Briefing*, ECF No. 01019651916 (July 6, 2016) (wherein Appellant did not argue that a stay would be unfairly prejudicial); and Appellant's *Supplemental Opening Brief*, ECF No. 01019628809, at 7-8 (May 27, 2016) (demonstrating that Appellant would not be eligible for immediate release even if he were to prevail on the merits of his Johnson claim)).

Here, if Defendant prevails on his § 2255 motion, his advisory guideline range would be 41-51 months, and the Defendant has served approximately 44 months.  *See* [*Doc. 22* at 6] (citing *Doc. 21* at 1-2, *Doc. 10* at 2, and *Doc. 18* at 1); and [*Doc. 23* at 2] (stating that Defendant has now served approximately 44 months).  The Government contends that Defendant would not be prejudiced by a stay because "the government could request, and the Court could impose, the same 60-month sentence [Defendant] [originally] received, or any other sentence up to the statutory maximum of ten years."  [*Doc. 23* at 2].  The Government provides no support for this contention or any reasons as to why it might make such a request or why the Court might impose a sentence significantly above the recommended Guideline range.  The Court finds that this unsupported hypothetical statement by the Government is insufficient to overcome Defendant's showing of prejudice based on his <u>eligibility</u> for immediate release if he prevails on his § 2255 motion.  The Court also rejects the Government's contention that Defendant would not be prejudiced by a stay because, if he prevails in his § 2255 motion, he is still seven months short of the high-end of his advisory Sentencing Guidelines range.  *See id.*  As explained above, the Tenth Circuit has looked at whether a defendant is <u>eligible</u> for immediate release if he were to

prevail on the merits of his *Johnson* claim, not whether Defendant has served the high end of the Guideline range.

The Court further finds that the Tenth Circuit's decisions in *United States v. Paul Allen Miller*, Case No. 16-8080 (10th Cir. Nov. 2, 2016) (unpublished) (attached at *Doc. 23-1*), *United States v. Carey*, No. 16-8093, 2016 WL 6543343 (10th Cir. Nov. 4, 2016) (unpublished), and *United States v. Smith*, No. 16-8091, 2016 WL 6609499 (10th Cir. Nov. 9, 2016) (unpublished), all support the Court's finding that this case should not be stayed.   In each of those cases, the Tenth Circuit considered the defendants' appeals of the district courts' orders staying the cases pending a decision in *Beckles*.   The Tenth Circuit construed the defendants' appeals as motions for a writ of mandamus, and directed the district courts in each of the cases to vacate their stay orders and rule on the merits of the § 2255 motions.   While the Government contends that it is significant that the defendant in *Paul Allen Miller* has a sentence that will be completed in May 2017, but Defendant here has a sentence that will be completed in August 2017 (*see Doc. 23* at 3),[2] the Court disagrees that this is a significant distinction.   Instead, as part of its determination as to whether or not to issue a writ of mandamus, the Tenth Circuit found in *Paul Allen Miller* that if the defendant is entitled to the relief sought in his § 2255 motion, then staying resolution of his case would result in "unnecessary confinement" which would irreparably damage the defendant and would be an abuse of discretion by the district court. *See* [*Doc. 23-1* at 6].   The Tenth Circuit made a similar finding in *Carey*, 2016 WL 6543343 at *2, where it found that "the district court abused its discretion by concluding that [the defendant's] habeas petition did not need to be resolved until after the Supreme Court has decided *Beckles*, despite the fact that, if his argument is accepted, this will result in him spending unnecessary time in prison."   *See also,*

---

[2] The defendant in *Paul Allen Miller* states that his release date is in March 2017, not May 2017 as stated by the Government here.   *Compare* [*Doc. 23-1* at 3] *with* [*Doc 23* at 3].   However, this discrepancy does not affect the Court's reasoning.

*Smith*, 2016 WL 6609499 at *1 (adopting the reasoning in *Paul Allen Miller* and *Carey*).   The Tenth Circuit thus appears to have focused on <u>any</u> unnecessary confinement in ordering the district courts to vacate their stay orders, and did not entirely rely on the fact that the defendants had already served the high end of the Guidelines ranges.   Moreover, as argued above by the Government, the Government in those cases could ask for a sentence above the advisory Guidelines range, which the district courts could decide to apply.   Therefore, because Defendant here could be resentenced to a time-served sentence, the Court finds that these cases support a finding that this case should not be stayed because that could result in Defendant's unnecessary confinement.

The Court also rejects the Government's contention that it would be prejudiced if the Court grants Defendant's requested relief and resentences him to a time-served sentence and the Supreme Court then rules in *Beckles* that *Johnson* does not apply retroactively to Sentencing Guidelines cases.   [*Doc. 23* at 3-4].   The Government relies on the case *Ali Al-Rekabi*, 2016 WL 5874976, at *3 (D. Utah Oct. 7, 2016) (unpublished), in which the district court granted the Government's motion to stay pending a decision in *Beckles* and questions whether the district court has jurisdiction to decide the issue of whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review because there is no controlling law on the issue.   *See id.* ("[T]he court is unclear as to how the Supreme Court might rule on whether *Johnson* is retroactively applicable to USSG § 4B1.2 cases on collateral review.   Because of this uncertainty, the court's jurisdiction over this petition is in question.").   While the Court recognizes that this issue has not been settled by either the Tenth Circuit or the Supreme Court, the Court finds that the Tenth Circuit's decisions in the cases cited above indicate its intention that the district courts rule on the merits of § 2255 motions where the defendants, if successful, are eligible for immediate

release.  *See Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying request for stay in case where the defendant would be eligible for immediate release if he were to prevail on his § 2255 motion); *Paul Allen Miller*, Case No. 16-8080 (directing the district court to vacate its stay and rule on the merits of the defendant's case); *Carey*, 2016 WL 6543343 (same); and *Smith*, 2016 WL 6609499 (same).  For all of these reasons, the Court agrees with the Magistrate Judge that Defendant would be prejudiced by a stay of these proceedings and overrules the Government's objection to this finding.

Next, the Court considers the Government's objection to the Magistrate Judge's recommendation that Defendant's § 2255 motion should be granted.  [*Doc. 23* at 4].  In support of this objection, the Government's argument in its entirety is:

> As set forth in detail in the United States' response [Doc. 7], *Johnson* is not retroactively applicable to cases on collateral review. This Court should adopt the reasoning in *United States v. Rodney Miller*, case number 16-CV-566 WJ/WPL, and hold that *Johnson* does not apply retroactively to Sentencing Guideline cases on collateral review.

*Id.*  First, the Tenth Circuit has explained that, "[t]o preserve an issue for appellate review, a party's objections to the magistrate judge's report and recommendation must be both timely and *specific*," and that general objections asking the court to reconsider a Magistrate Judge's PF&RD based on previously-submitted materials are "insufficient to avoid application of the firm waiver rule."  *Moore v. Astrue*, 491 Fed.Appx. 921, 923 (10th Cir. 2012) (unpublished) (emphasis in original) (citation and internal quotation marks omitted).  The Court, therefore, notes that the Government's general objection to the Magistrate Judge's findings may lack sufficient specificity to preserve the issue for appellate review.

Notwithstanding this general objection as to the merits of Defendant's § 2255 claim, the Court agrees with the Magistrate Judge that the holding in *Johnson* announced a new rule of

substantive law that would apply retroactively to Sentencing Guidelines cases on collateral review. The Court agrees with the Magistrate Judge that, because Defendant's Guidelines range changed from 41 to 51 months to 77 to 96 months based on Defendant's designation as a career offender under the Sentencing Guidelines, and because Defendant would not have been designated as a career offender under the Sentencing Guidelines absent his conviction that falls under the residual clause, the boundaries of Defendant's sentence were moved in reliance on the residual clause, and subjected Defendant to an increased sentence.   *See* [*Doc. 22* at 11].   Therefore, "the decision in *Johnson* changed the 'range of conduct or class of persons the law punishes.'"   *Id.* (quoting *Schriro*, 542 U.S. at 353).   The Court also agrees with the Magistrate Judge that the Government's contention that the Sentencing Guidelines are distinguishable from the ACCA because the Guidelines are advisory and the ACCA is statutory law is not persuasive.   [*Doc. 22* at 11] (citing *Doc. 7* at 3-7).   The Court agrees with the Magistrate Judge's reasoning that, because the sentencing court must start with the Sentencing Guidelines, and it may be reversed for not correctly applying the Sentencing Guidelines, even though the court may deviate from the recommended range, the Court's analysis does not necessarily change just because the Guidelines are advisory and not statutory.   [*Doc. 22* at 12] (citing *Madrid*, 805 F.3d at 1211 and *Peugh*, 133 S. Ct. at 2082-83).   The Court also rejects the Government's contention that the use of Defendant's prior residual-clause felony to enhance his Sentencing Guidelines range was a procedural error.   *See* [*Doc. 22* at 12] (citing *Doc. 7* at 8-9).   As stated by the Magistrate Judge, "the application of *Johnson* to the Sentencing Guidelines does not correct miscalculated sentences; rather, the *Johnson* decision changed the range of conduct and the class of persons that the law punishes and, therefore, is a substantive decision."   [*Doc. 22* at 12] (citing *Peugh*, 133 S. Ct. at 2083 ("Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses

the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.") (citation and internal quotation marks omitted) (emphasis in original); *Harris*, 2016 WL 6109158, at *5 (W.D. Okla. Oct. 19, 2016) (unpublished) (explaining that the career offender enhancement had a *substantive* effect on the defendant's sentence because he received a sentence nearly triple what the advisory guideline range would have been absent the enhancement, thereby making the "true role" of the Sentencing Guidelines apparent); and *Culp*, 2016 WL 5400395 (D. Utah Sept. 27, 2016) (unpublished) ("When a Guidelines range moves up or down, offenders' sentences move with it.") (citation and internal quotation marks and brackets omitted).   For the foregoing reasons, the Court will overrule the Government's objection to the Magistrate Judge's finding that *Johnson* announced a new, substantive rule that should apply retroactively to the residual clause of the Sentencing Guidelines, and will grant Defendant's § 2255 motion.

In addition, the Court notes with concern the inconsistent position the Government has taken in this case compared to its position in *United States v. Soto*, No. 16-CIV-308 JAP/CG.   The Magistrate Judge in *Soto* came to the same conclusion as the Magistrate Judge here that the rule announced in *Johnson* is substantive with regard to Sentencing Guidelines cases (*see Soto*, No. 16-CV-308, Document 12); however, the Government in *Soto* did not file objections and the defendant in that case has since been resentenced to 18-months or time served, whichever is less (*see United States v. Soto*, No. 02-CR-2074 JAP, Document 119).   The Government fails to explain in its objections in this case why it failed to object in *Soto* or why Defendant here should be treated differently than the defendant in that case.   Indeed, the Government here did not even mention the *Soto* case in any of its arguments.

**<u>Defendant's Objection</u>**

Defendant objects to the Magistrate Judge's finding that Defendant's motion for release should be denied.  *See* [*Doc. 24* at 1-2] (citing *Doc. 22* at 13-14).  Defendant contends that, because Defendant has already served 44 months, which is more than the minimum of what his new advisory Guideline range would be, he should be released on conditions pending the Court's decision in this case.  [*Doc. 24* at 1-2].  Defendant states that "it is highly unlikely that [Defendant] would receive more than a time-served sentence because the Court *sua sponte **varied downward*** at [Defendant's] original sentencing hearing."  *Id.* at 2 (citation omitted and emphasis in original).  Defendant further states that, should Defendant be granted relief and the Government appeal the Court's decision, Defendant "would be subject to conditions of release and subject to being returned to custody to finish his sentence should the United States prevail on an appeal."  *Id.*  Defendant, therefore, contends that there is no prejudice to the Government, and asks the Court to grant Defendant's motion for release on conditions.  In the alternative, Defendant asks the Court to set this matter for immediate sentencing.  *Id.*

The Court agrees with the Magistrate Judge that Defendant's motion for release should be denied.  As noted by the Magistrate Judge, Defendant's revised Guideline range would be 41 to 51 months, and the Court may not resentence him to a time-served sentence.  The Court finds that the proper course is to set this case for resentencing and consider Defendant's arguments as to his sentence at that time.  Therefore, the Court will overrule this objection.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

(1)     The Government's and Defendant's objections to the PF&RD [*Docs. 23* and *24*] are **OVERRULED**;

(2)     The ***Proposed Findings and Recommended Disposition*** *(Doc. 22)* are **ADOPTED** by the Court;

(3)     The Government's motion to stay [*Doc 9*] and Defendant's motion for release [*Doc. 17*] are **DENIED**;

(4)     Defendant's § 2255 motion [*Doc. 1*] is **GRANTED**; and

(5)     This case be set for resentencing in a separate Order.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**